IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-03377-RBJ

DWIGHT A. CARR and
DEBORAH A. STEVENS-CARR

      Plaintiffs,

v.

US BANK NORTH AMERICA,
OCWEN LOAN SERVICING, LLC, and
VADEN LAW FIRM, Attorneys for the Defendants,

      Defendants.

## ORDER

This case comes before the Court on the defendants' motion to dismiss for failure to state a claim [docket # 13].

**Facts**

In April of 2003 plaintiffs, Dwight Carr and Deborah Stevens-Carr, obtained a $199,157 loan from CIT Group Consumer Finance to refinance their home. (Compl. ¶¶ 10-11.) As part of the transaction a deed of trust was signed that listed Mr. and Ms. Carr as the borrowers and CIT Group Consumer Finance, Inc. as the lender. (*Id.* at ¶ 12.) In August 2003 the deed of trust was transferred to Ocwen Loan Servicing. (*Id.* at ¶ 13.)

In December 2010 plaintiffs received notice of default. (*Id.* at ¶15.0) On January 9, 2011 the plaintiffs mailed a letter to Ocwen requesting "verification details of all charges." (*Id.* at ¶ 16.) On January 23, 2011 Ocwen responded with a "Payment Reconciliation" spreadsheet. (*Id.* at ¶ 17.) Ocwen also said that it would follow up with an explanation and reinstatement

quote. (*Id.*) Ocwen never provided additional information. (*Id.*) In February 2011 plaintiffs received notice from the Vaden Law Firm that it had been instructed to commence foreclosure proceedings. (*Id.* at ¶ 19.) On July 28, 2011 a Rule 120 Hearing was held in Adams County District Court. The judge ordered a sale date within 14 days, and the actual sale date was scheduled for August 17, 2011. (*Id.* at ¶ 27.) On August 16 the plaintiffs filed for Chapter 13 Bankruptcy, but on November 21, 2011 the plaintiffs voluntarily dismissed their bankruptcy claim. (*Id.* at ¶¶ 28 and 31.) A new sale date was scheduled for December 28, 2011. (*Id.* at ¶ 33.) Ocwen has placed the foreclosure sale on hold pending the outcome of this lawsuit. (Def.'s Mot. Dismiss.)

**Standard**

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A broad reading of a pro se plaintiff's pleadings "does not

2

relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based…conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*  Pro se parties must "follow the same rules of procedure that govern other litigants."  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

**Conclusions**

Real Estate Settlement Procedures Act (claim one)

In their first claim, plaintiffs allege that defendants violated the Real Estate Settlement Procedures Act ("RESPA") when Ocwen failed to provide an adequate response to plaintiffs' request for a verification of all charges.  The Plaintiffs' RESPA claim requires them to prove that: "(i) that they sent a 'qualified written request' to Ocwen; (ii) that Ocwen failed to adequately respond to that request within 60 business days; and (iii) that the Plaintiffs were damaged as a result." *Ricotta v. Ocwen Loan Servicing, LLC*, No. 06-CV-01502-MSK-KL, 2008 WL 516674, at *3 (D. Colo. Feb. 22, 2008).

A qualified written request "is one which is in writing, includes sufficient information to permit the servicer to identify the borrower and account, and which 'includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.'" *Id.* (quoting 12 U.S.C. § 2605(e)).  "Any reasonably stated written request for account information can be a qualified written request." *Catalan v. GMAC Mortgage Corp.,* 629 F.3d 676, 687 (7th Cir. 2011). Plaintiffs allege that they mailed Ocwen a "qualified written request" requesting "verification details of all charges."  Ocwen responded to plaintiffs' request with a "payment reconciliation spreadsheet" and a promise to send an additional explanation and a reinstatement quote.

Because Ocwen was able to respond with a payment reconciliation spreadsheet, it seems clear that plaintiffs included sufficient information for Ocwen to identify the borrower and the account. In *Ricotta v. Ocwen Loan Servicing,* the court determined that plaintiffs' request for "detailing of 'every credit' and 'every debit' that was posted to the account, information as to late fees and interest that had been charged to the account, [and] copies of certain records relating to their account . . . . appear to be types of information that a borrower is entitled to request under RESPA." 2008 WL 516674, at *3. Similarly, "verification details of all charges" would be within the type of information that a borrower is entitled to under RESPA. Accordingly, the plaintiffs meet the first prong to state a claim under RESPA.

Next, plaintiffs must show that Ocwen failed to adequately respond to that request within 60 days. The Seventh Circuit has explained that following a qualified written request, a servicer must take one of three actions within 60 days:

> "either (1) make appropriate corrections to the borrower's account and notify the borrower in writing of the corrections; (2) investigate the borrower's account and provide the borrower with a written clarification as to why the servicer believes the borrower's account to be correct; or (3) investigate the borrower's account and either provide the requested information or provide an explanation as to why the requested information is unavailable."

*Catalan v. GMAC Mortgage Corp.,* 629 F.3d 676, 680 (7th Cir. 2011). Plaintiffs have provided enough information for the Court to make a reasonable inference that because Ocwen never delivered the promised explanation and reinstatement quote, they never adequately answered the plaintiffs' qualified written request. Therefore, plaintiffs have provided enough information to allege the second prong of the RESPA analysis.

Finally, plaintiffs must allege damages. Plaintiffs allege that because Ocwen did not provide the required information about their loan servicing, they were not able to correct the default or use other means to avoid foreclosure and as a result have suffered damages. This is

4

enough to allege damages. Accordingly, plaintiffs have alleged sufficient facts to survive Ocwen's motion to dismiss for violation of 12 U.S.C. § 2605(e).[1]

In their pleadings, plaintiffs allege that all of the defendants violated RESPA. However, plaintiffs only alleged facts related to Ocwen's failure to respond to the qualified written request. Therefore, defendants' motion to dismiss is granted in part as to defendant U.S. Bank North America and defendant Vaden Law Firm.

Fair Debt Collection Practices Act (claim two)

Plaintiffs allege that Ocwen violated the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692g(b) by failing to obtain verification and validation of the alleged debt and mail copies to the plaintiff after plaintiff disputed the debt. However, under § 1692 the definition of "debt collector" excludes "any person collecting or attempting to collect any debt . . . which was not in default at the time it was obtained by such person . . . ." 15 U.S.C.§ 1692(a)(6)(F). "Courts have consistently ruled that a creditor, mortgage servicing company, or assignee of the debt is not a "debt collector" under the FDCPA if the entity acquired the loan before it was in default." *Llewellyn v. Allstate Home Loans, Inc.,* 795 F. Supp. 2d 1210, 1231 (D. Colo. 2011) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)) ("[A] debt collector [under section 1692a(6)] does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned")); *Lyons v. WM Specialty Mortg. LLC*, No. 08–cv–00018, 2008 WL 2811810, at *7 (D.Colo. July 18, 2008) (granting summary judgment in favor of defendants on FDCPA claim

---

[1] Defendants argue that plaintiffs RESPA claim cannot survive a motion to dismiss because plaintiff "cannot avoid the mortgage debt or foreclosure action simply by alleging a RESPA violation." The Court agrees that "[n]othing in RESPA appears to permit rescission of the underlying mortgage transaction, and thus, even success [on plaintiffs'] RESPA claim would not nullify the promissory note that gives rise the foreclosure proceeding and thus, would not relieve [plaintiffs'] of the consequences of default on that note." *McDonald v. J.P. Morgan Chase Bank, N.A.,* No. 12-CV-02749-MSK, 2012 WL 4936484 (D. Colo. Oct. 17, 2012). However, plaintiffs are not requesting to rescind the underlying mortgage transaction or halt the foreclosure; in their complaint plaintiffs request damages. Accordingly, plaintiffs can survive a motion to dismiss on their claim against Ocwen for damages.

because the loan was not in default when defendants, a creditor and mortgage servicing company, obtained the loan).

In this case, plaintiffs allege that the loan was transferred to Ocwen in August of 2003. Plaintiffs were not in default until the end of 2010. Defendants are not "debt collectors" under § 1692. Because the defendants are not debt collectors under § 1692 plaintiffs claim under the FDCPA cannot survive.

<u>Breach of Contract</u> (claim three)

To succeed on a breach of contract claim, a plaintiff must prove: (1) the existence of a contract; (2) performance by the plaintiff or some justification of non-performance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Plaintiffs have failed to adequately allege facts to establish breach of contract by the defendants.

First, plaintiffs have not alleged that they performed their responsibilities in the contract. Plaintiffs have not alleged that they were current on their payments or that they were not in default on their loan. Next, the plaintiffs did not allege how the defendants breached the contract. Facts alleged must be enough to state a claim that is plausible, not merely speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs' complaint alleges only that the defendants willfully ignored the contractual payment due date and parameters outlined to compute late charges, and that plaintiffs had other contracts with other parties that should have been disclosed to the plaintiff. The complaint does not provide any information about how or when defendants ignored due dates or what information needed to have been

6

disclosed. These amount to merely conclusory statements that are not enough to support a plausible claim. Accordingly, defendants' motion to dismiss the breach of contract claim is granted.

<u>Unfair and Deceptive Acts</u> (claim four)

Plaintiffs agree that their claim for unfair and deceptive acts was meant to be brought under the Colorado Consumer Protection Act (CCPA), C.R.S. §§ 6-1-101–6-1-115. Under the CCPA a plaintiff "must establish not only that the defendant engage in a deceptive trade practice, but also that the defendant's challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property." *Rhino Linings USA, Inc. v. Rocky Mountain Lining, Inc.,* 62 P.3d 142, 149 (Colo. 2003).

Allegations of deceptive trade practices under the CCPA are subject to Rule 9(b)'s heightened pleading standards. *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985). Under Rule 9(b) plaintiffs must "provide enough notice to each defendant of the misrepresentations the defendant made so that he can answer and otherwise defend himself." *Gardner v. Investors Diversified Capital, Inc.*, 805 F. Supp. 874, 876 (D. Colo. 1992). "At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where and how" of the alleged fraud and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006) (internal citations omitted).

Plaintiffs allege that the defendants (1)"willfully and intentionally failed to negotiate and follow through in good faith with offers to 'help' the Plaintiffs keep their home;" (2) strategically used the process to schedule dates and events which contributed to this wrongful foreclosure;"

and (3) engaged in a pattern of misinformation that the Plaintiffs relied upon to their detriment." (Complaint ¶¶ 58-60.)  These allegations do not meet Rule 9(b)'s requirement of particularity, because they do not indicate what misinformation the defendants provided, where they provided it, when they provided it, or how they provided it. "Rather, the [plaintiffs] simply speculate that defendants . . . collectively engaged in various instances of wrongdoing that eventually culminated in the foreclosure of their home.  While this might suggest that some plaintiff could prove some set of facts in support of the pleaded claims, the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Jensen v. America's Wholesale Lender,* 425 Fed App'x 761 763 (10th Cir. 2011) (internal citations omitted).  Accordingly, plaintiffs claim under the CCPA cannot survive defendants' motion to dismiss.

**Order**

1. Defendants' motion to dismiss claim one is GRANTED IN PART AND DENIED IN PART.  The motion is DENIED as to defendant Ocwen and GRANTED as to defendant Vaden Law Firm and defendant U.S. Bank North America.
2. Defendants' motion to dismiss claim two is GRANTED.
3. Defendants' motion to dismiss claim three is GRANTED.
4. Defendants' motion to dismiss claim four is GRANTED.

DATED this 28th day of November, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge